UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MOUSSA DOUKOURE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 4:17-cv-01801-MHH-JHE |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM OPINION**

On October 25, 2017, petitioner Moussa Doukoure filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). When he filed his petition, Mr. Doukoure, a native of Senegal, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement or ICE. In his petition, Mr. Doukoure alleged that he was being illegally detained by ICE pending his deportation to Senegal. On April 17, 2018, Mr. Doukoure was removed from the United States. (Doc. 9; Doc. 9-1). Because Mr. Doukoure no longer is in ICE custody, the respondent has filed a motion to dismiss the action as moot. (Doc. 9).

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot

be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A court must dismiss a case as moot if the court no longer can provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

In his petition, Mr. Doukoure seeks to be released from ICE custody. Because Mr. Doukoure no longer is in ICE custody, the Court cannot provide meaningful relief, and Mr. Doukoure's petition is moot. Accordingly, the Court will grant the respondent's motion to dismiss.

The Court will enter a separate final order.

**DONE** and **ORDERED** this April 19, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE